### UNITED STATES of America, Plaintiff-Appellee,

v.

### Harry BROOK, Defendant-Appellant.

### No. 26981.

United States Court of Appeals
Fifth Circuit.

July 23, 1969.

Rehearing Denied Oct. 15, 1969.

1. " § 2113. Bank robbery and incidental crimes.

(a) * * *

E. David Rosen, Richard M. Gale, Miami, Fla., and Bernard R. Fleisher, New York City, for appellant.

William A. Meadows, Jr., U. S. Atty., J. V. Eskenazi, Asst. U. S. Atty., William G. Earle, Miami, Fla., Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, Richard B. Buhrman, Attorneys, Department of Justice, Washington, D. C., of counsel, for appellee.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

PER CURIAM:

Brook was convicted on one count of willful failure to file an income tax return in 1959 and one count of attempted evasion by filing a false income tax return in 1960 under Title 26 U.S.C. § 7203 and § 7201 respectively. We affirm these convictions.

■ Brook's primary complaint on this appeal is the action of the trial judge in admitting certain hearsay testimony. The testimony concerned appellant's failure to file income tax returns in the years 1944–1950 and his living expenses during that period. As conceded by the appellee, the admission of this testimony was clearly erroneous. However, in view of Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1945) we find that this error did not so affect the jury's verdict as to require reversal. There was competent evidence of Brook's failure to file returns in the years 1950–1958. Further, a certified public accountant testified that Brook told him in 1960 that he had income in 1951 thru 1958 and wanted returns prepared for those years. It is obvious that there was ample evidence, other than that concerning 1944–1950 from which the jury could infer that Brook willfully failed to file in 1959.

■ Relying on Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943) and United States v. Long, 257 F.2d 340 (3rd Cir. 1958), Brook attacks his conviction for evasion. He argues that the admission of the evidence reflecting his failure to file in 1944–1959 prejudiced the jury's consideration of his intent in 1960. We reject this contention. The trial judge clearly instructed the jury that this evidence related only to Count I (failure to file returns) and we hold that his actions in this regard are sufficient to withstand the scrutiny of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

Affirmed.