**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie Eugene WILSON,**
**Defendant-Appellant.**

**No. 76–3473**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

April 8, 1977.

J. B. Stoner, Marietta, Ga., for defendant-appellant.

John L. Briggs, U. S. Atty., Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, and RONEY and HILL, Circuit Judges.

PER CURIAM:

Defendant, Willie Eugene Wilson, was convicted by a jury of willfully failing to file his tax returns for 1970, 1971 and 1972, in violation of 26 U.S.C.A. § 7203. The defendant attributes the failure to file his tax returns to inefficient bookkeeping and a negligent accountant.

Error is asserted in the trial court's refusal to give Wilson's requested instructions on willfulness. The following instruction was given over Wilson's specific objections:

"The third element which the Government must prove beyond a reasonable doubt is that the defendant's failure to make the return in question was willfully committed.

The term willfully for purposes of these instructions means voluntarily, deliberately and intentionally, as distinguished from accidentally, inadvertently or negligently.

The failure to make a timely return is willful if the defendant's failure to act was voluntary and purposeful and with the specific intent to fail to do that which he knew the law required, that is to say, with the purpose to disobey or disregard the law which requires him to make a timely return.

The willfulness which the Government must prove beyond a reasonable doubt does not require the Government to prove that the defendant had a purpose to evade a tax or to defraud the Government.

For example, one might honestly plan and intend to pay the tax revenues due the Government at some future time subsequent to the required filing date, and, hence, have no intent to defraud the Government of taxes.

The intentional failure of a taxpayer to have or keep records adequate to permit him or his agents or employees to prepare accurate tax returns is no legal justification for not filing a timely income tax return.

The only justification for not filing a tax return when the same is required by law to be filed is a good faith misunderstanding by the taxpayer as to his legal obligation to file the return or an inadvertent or careless failure to file such return."

■ Appellant contends that in the absence of language showing the "bad purpose" or "evil motive" concept of willfulness, this instruction is reversibly erroneous. We disagree. In *United States v. Bishop*, 1973, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941, the Supreme Court held that the term "willfully" has the same meaning in the misdemeanor and felony sections of the Internal Revenue Code, and that it requires more than a showing of careless regard for the truth. In *United States v. Pomponio*, 1976, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12, the Supreme Court elaborated on *Bishop* by holding that the term "willfully" in the misdemeanor and felony sections of the Internal Revenue Code "simply means a voluntary, intentional violation of a known legal duty." 429 U.S. at 12, 97 S.Ct. at 24, 50 L.Ed.2d at 16. Under this standard, the trial judge adequately instructed the jury on willfulness.

■ Appellant also contends that the District Court erred in failing to instruct the jury that an inefficient and negligent accountant could constitute justification for failure to file income tax returns. We disagree.

The trial court properly instructed the jury in the charge that only a good faith misunderstanding or inadvertence constitute justification for failing to file income tax returns. *United States v. McCorkle*, 7 Cir., 1975, 511 F.2d 482. We find that the trial court's instructions fairly and adequately charged the jury as to what the Government had to establish to support a conviction. The judgment of conviction is therefore affirmed.

AFFIRMED.