UNITED STATES of America,
Plaintiff-Appellee,

v.

Gerald D. BOOHER,
Defendant-Appellant.

No. 79–5733
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 30, 1981.

Rehearing Denied May 13, 1981.

Melvyn Greenspahn, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Ian M. Comisky, Linda Collins Hertz, Hans G. Tanzler, III, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellant Gerald D. Booher appeals from his conviction of two counts of willful failure to file a tax return, 26 U.S.C.A. § 7203 (West Supp.1980), for the tax years 1974 and 1975. Appellant filed a return form for the years 1974 and 1975 containing only his name but no financial information from which a tax liability could be computed. Instead, appellant inserted various constitutional objections—particularly the Fifth Amendment privilege—in the spaces provided for such information as his and his wife's social security number, occupation, gross income, etc. Appended to the returns were various documents and exhibits challenging the constitutionality of the federal income tax laws. The Internal Revenue Service made several attempts to persuade appellant to amend his returns, but he refused to do so. Finally, the IRS decided that appellant had failed to file sufficient information to determine his tax liability, if any, and recommended criminal prosecution. Appellant raises five alleged errors. Finding no merit in any of them, we affirm.

## I.

Appellant complains that the district court erred in conducting a segregated voir dire of two prospective jurors who indicated that they might have some prejudice against the IRS. They were questioned outside the presence of the other prospective jurors, and one was excused for cause by the court and the other was challenged by the government. The conduct of voir dire of prospective jurors is a matter directed to the sound discretion of the trial judge, subject to the essential demands of fairness. *See United States v. Delval,* 600 F.2d 1098, 1102 (5th Cir. 1979); Fed.R.Crim.P. 24(a). Appellant has failed to show an abuse of discretion or any prejudice from the method employed. The method of separate voir dire has been approved by the American Bar Association (ABA's Standards Relating to Fair Trial and Free Press, § 3.4(a) (Approved Draft March, 1968)) for questioning jurors for exposure to prejudicial material, and has been endorsed by several courts. *See United States v. Bryant,* 471 F.2d 1040, 1044–45 (D.C.Cir.1972), *cert. denied* 409 U.S. 1112, 93 S.Ct. 923, 34 L.Ed.2d 693 (1973); *United States v. Addonizio,* 451 F.2d 49 (3d Cir. 1971), *cert. denied* 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972). We see no reason why this method of individual questioning should not be available when personal prejudices of individual jurors are likely to affect the others.

## II.

Appellant argues that his claim of the Fifth Amendment privilege against self-incrimination is an absolute defense to his prosecution under § 7203. It is well-settled in this circuit that appellant's protest return does not even amount to a "return" as defined in § 7203, *United States v. Smith,* 618 F.2d 280, 281 (5th Cir. 1980), and that the protest return cannot be protected or justified under the Fifth Amendment. *See United States v. Brown,* 591 F.2d 307, 311 (5th Cir.), *cert. denied* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); *United States v. Johnson,* 577 F.2d 1304, 1311 (5th Cir. 1978). Our decision in *Johnson* did recognize that a good faith claim of the Fifth Amendment privilege, even if erroneous, may negate the "willfulness" element of the offense; however, we have carefully

circumscribed the circumstance in which the good faith defense could properly be raised:

Three principles may be distilled from the authorities: (1) the privilege must be claimed specifically in response to particular questions, not merely in a blanket refusal to furnish any information; (2) the claim is to be reviewed by a judicial officer who determines whether the information sought would tend to incriminate; (3) the witness or defendant himself is not the final arbiter of whether or not the information sought would tend to incriminate.

577 F.2d at 1311. Appellant's defense theory runs afoul of each of these three elements and it must therefore fail. Even though the source of his income might be privileged, the amount of the income was not and should have been disclosed. *See United States v. Johnson, supra; United States v. Wade*, 585 F.2d 573, 574 (5th Cir. 1978), *cert. denied* 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979). Furthermore, the Fifth Amendment objection to such innocuous information as appellant's social security number negates his good faith reliance on the privilege. Finally, the trial court did give instructions that a good faith, though erroneous, claim of the privilege against self-incrimination is a defense. (R. vol. III at 1177–79) In light of *Johnson, Wade* and *Brown*, it is doubtful that appellant was even entitled to such an instruction and he will not be heard to complain of an error in his favor. *See United States v. Johnson, supra.*

### III.

Next appellant claims that he was convicted as a result of an *ex post facto* change in the definition of willfulness as used in § 7203. Specifically, appellant argues that he relied upon the definition of willfulness in *United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), in filing his returns; however, he alleges that the district court relied upon the definition in *United States v. Wilson*, 550 F.2d 259 (5th Cir. 1977), decided after the alleged wrongful act, which allegedly changes the definition in *Bishop*.[1] In *Wilson*, this circuit relied upon *Bishop* and a later decision, *United States v. Pomponio*, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976), in defining willfulness. We have examined *Bishop, Pomponio* and *Wilson* and must conclude, as the Court in *Pomponio* was at pains to point out, that it did not change the definition of willfulness as announced in *Bishop, i. e.,* "willfully ... generally connotes a voluntary, intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. at 12, 97 S.Ct. at 23, *quoting United States v. Bishop*, 412 U.S. at 360, 93 S.Ct. at 2017. At most *Pomponio* merely elaborates on *Bishop. See United States v. Wilson, supra.* Appellant's due process argument is therefore without merit.[2]

### IV.

■ Appellant next complains of preinformation delay by the government. Appellant has the burden of showing impermissible preinformation delay; he must show "substantial prejudice" and that "the delay was an intentional measure in order to gain technical advantage." *United States v. Willis*, 583 F.2d 203, 207 (5th Cir.

---

1. Generally the *ex post facto* prohibition of the Constitution applies only to legislative actions and not to judicial decisions, *Frank v. Magnum*, 237 U.S. 309, 344, 35 S.Ct. 582, 593, 59 L.Ed. 969 (1915); however, since a change in decisional law may implicate due process considerations, we will treat appellant's argument as a due process one.

2. Along similar lines, appellant argues that *United States v. Johnson, supra*, upon which the district court and this court relied, was not decided until after he filed his returns. We also reject this argument because *Johnson* effected no change in the law. It simply applied the existing law to the facts. None of the cases upon which appellant alleges that he relied provide any support for appellant's filing procedure. On the contrary, the Supreme Court stated in 1927 that "[i]t would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in a crime." *United States v. Sullivan*, 274 U.S. 259, 263–64, 47 S.Ct. 607, 608, 71 L.Ed. 1037 (1927).

1978). We hold that appellant has failed to sustain his burden on both counts. The prejudice urged by the appellant consists of the alleged change in decisional law between the filing of the returns and his trial. We rejected the change of law argument in Part III and it does not constitute substantial prejudice to appellant. Likewise he has failed to show how the government intentionally delayed to gain tactical advantage.

## V.

Finally, appellant contends that the district court erred in refusing to let appellant testify to his lack of intent while permitting the government to state in rebuttal that appellant's motive was to protest the tax system and to avoid or evade taxes. We find no error. While it is true that this was not a case of tax evasion or avoidance, there was a question of willfulness. As we noted in *United States v. Brown*, 591 F.2d 307, 311 (5th Cir. 1979):

"[t]his showing of willfulness will most often be made by circumstantial evidence," and may be made by such conduct as affirmative acts of evasion such as the providing false or incomplete information—what was shown here. *United States v. Brown*, 548 F.2d 1194, 1199 (5th Cir. 1977). Brown's status as a "tax protestor" and the statements he made regarding the payment of taxes buttressed the circumstantial evidence on the willfulness of his actions. Further, he was not protected by the Fifth Amendment in filing such a "protest return." *United States v. Johnson*, 577 F.2d 1304, 1311 (5th Cir. 1978). *See also United States v. Wade*, 585 F.2d 573 (5th Cir. 1978); *United States v. Brown*, 548 F.2d 1194, 1198 (5th Cir. 1978).

Therefore, if the jury determined that there was an intent to evade taxes or to protest the tax laws, they might well infer the requisite willfulness. The government's reference to tax evasion, tax protester, etc. was not improper. Appellant's claim that he was not permitted to deny that he had attempted to evade or avoid taxes is not supported by the record. During closing arguments, appellant's attorney told the jury "that he [appellant] did not do it to willfully avoid or evade anything." (R. vol. VIII at 1138).[3] It is true that when appellant's attorney asked him whether he filed the returns for the purpose of avoiding or evading taxes, the government objected and the district court sustained the objection; however, the objection went only to the leading form of the question and appellant's attorney did not rephrase the question. (R. vol. VII at 835–36).

We do, however, believe that it was unnecessary for the government to argue to the jury that appellant had testified that he would sue the jurors unless they acquitted him. (R. vol. VIII at 1157–58). Although some of the materials which appellant had filed with one of his returns suggested that a juror might be sued, he testified on cross-examination that he would not sue the jurors. (R. vol. VIII at 991–92). The trial court correctly instructed the jury that they were to use their own recollection of appellant's testimony rather than the Assistant United States Attorney's recollection. In light of this instruction and the overwhelming evidence against appellant, we do not believe this remark constitutes harmful error.

For the foregoing reasons, the appellant's conviction is

AFFIRMED.

---

**3.** The district court allowed the government to argue evasion on rebuttal because appellant's attorney had raised it in his closing arguments.