UNITED STATES of America,
Plaintiff-Appellee,

v.

Joe Thomas RUSSELL,
Defendant-Appellant.

No. 81–6079.

United States Court of Appeals,
Eleventh Circuit.

Oct. 17, 1983.

Donald A. Lykkebak, Orlando, Fla., for defendant-appellant.

Joseph T. Urbaniak, Jr., Asst. U.S. Atty., Orlando, Fla., Mervyn Hamburg, Atty., U.S. Dept. of Justice, Appellate Section, Crim. Div., Washington, D.C., for plaintiff-appellee.

Before TJOFLAT and HILL, Circuit Judges, and SIMPSON, Senior Circuit Judge.

JAMES C. HILL, Circuit Judge:

Appellant Russell appeals from his conviction for conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and causing the importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2. He asserts two grounds on which the trial court erred in denying his motion for a new trial.

We affirm.

Appellant first contends that the trial court erred in failing to grant a continuance to allow appellant to call a witness. At the commencement of the trial on Monday, September 21, 1981, it was made clear to counsel that it was important that the case be completed by the end of the day on Friday of that week. Counsel estimated that it would take three and one-half days to complete the trial.

During the course of the presentation of the government's case, the trial judge detected undue tediousness in the examination of the government's witnesses by the prosecutor. On several occasions the judge criticized the slowness of the presentation of the case and, prior to the commencement of trial on Wednesday morning, the judge had the Chief Prosecutor from the United States Attorney's office come to his chambers in the presence of defense counsel and the Assistant United States Attorney trying the case. There, the judge pointed out what he felt to be the inappropriate tediousness of the prosecutor's examination, the delays between the witnesses' answers and his questions, and other inappropriate time-consuming activities on the part of the prosecutor and defense counsel. The judge made it clear that he expected the taking of evidence to be concluded by Thursday evening so that the arguments and instructions could be completed on Friday morning. The prosecution predicted with assurance that the government's case would conclude by noon on Thursday, but it was not completed until mid-afternoon on that day.

Evidence against the appellant was substantial, bordering on overwhelming, though it was primarily the testimony of accomplices. Thus, the defense sought to discredit the government's witnesses. The last witness presented by the prosecutor testified to some incriminating statements made to him by appellant when appellant visited this witness some days after the occurrence under investigation. On cross-examination appellant's counsel sought to have the witness agree that the purpose of the visit had nothing to do with drugs and was occasioned by a transaction dealing with the upholstery of some cushions in a motor vehicle owned by appellant. The witness denied this, asserting that the cushion upholstery transaction had taken place earlier.

The defense then produced three witnesses substantially consuming the balance of Thursday. Whereupon, defense counsel moved for a "continuance," with the taking of evidence to resume on Friday morning, but the judge ordered that he proceed with the next witness. At a bench conference, appellant's counsel represented to the court (and this representation was later confirmed in an affidavit of the proposed witness submitted in support of the motion for new trial) that the brother of the last government witness was out of state but had agreed to be present on Friday morning. His testimony would have been that, contrary to the testimony of the government witness, the cushion upholstery transaction had not been completed prior to the time of appellant's visit to his brother. The judge stated, "that's an insignificant point" and, after hearing from counsel, declined to recess the trial in order to take the expected testimony.

■ We conclude that the trial judge correctly analyzed this particular situation and did not abuse his discretion in declining to recess the trial. *See Foster v. United States,* 296 F.2d 65, 68 (5th Cir.1961); *see generally, Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). We are not unmindful of the fact that there are occasions when it is desirable that a trial be concluded within a reasonable period of time. Some jurors who are selected for trial may have, as was the case here, made it known that there are important events scheduled to commence on a future date. In such instances, the law requires the juror to remain until the case is completed. Nevertheless, the last party offering evidence, should the case run beyond its expected duration, may be expected to incur the wrath of that juror. It is misconduct on the part of the attorney presenting the opening case—the prosecutor in a criminal case—to engage in trial tactics calculated to consume practically all of the "available" time, leaving the defense with the alternative of incurring the wrath of a juror or presenting a skimpy case. Where such a tactic is detected by this court, we shall not hesitate to reverse a conviction thus obtained. *See* Fed.R.Crim.P. 33 (the court upon proper motion by a party may grant a new trial if required in the interest of justice).

We have, however, carefully reviewed the record in this case. We agree with the trial judge that the testimony which the appellant sought to present would have been of minimal interest in the deliberation of the jury. The proffered testimony was not calculated to controvert any of the damaging testimony of the witness in question. That witness had testified to statements made by the appellant at a meeting between them. On cross-examination defense counsel had obtained from the witness a denial as to the transaction which gave rise to the meeting itself. He wanted to produce a witness who would say that the government's witness had sworn incorrectly; however the controversy thus engendered would have related not to the incriminating statements made but merely to the purpose of the meeting.

■ The testimony that would have come in from the new witness was not relevant to a core issue of the case. The testimony only covered collateral issues. The Federal Rules of Evidence discourage the admission of extrinsic evidence to prove or disprove issues which are collateral to the subject matter of the case. *See* Fed.R.Evid. 403; *see also* McCormick, Handbook of the Law of Evidence § 47 (2d ed. 1972); *United States v. Terebecki,* 692 F.2d 1345, 1351 (11th Cir.1982) (impeachment testimony on a collateral issue was properly excluded by the trial judge). It is true that extrinsic evidence which contradicts the *material* testimony of a prior witness is admissible. *See United States v. Opager,* 589 F.2d 799, 802 (5th Cir.1979). However, if the evidence contradicts *material* testimony, then it is relevant evidence and is no longer considered collateral.

■ Also, the trial court is given discretion to decide when and whether a continuance is appropriate. The Supreme Court stated this point in *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), where the Court held:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

*Id.* at 589, 84 S.Ct. at 849 (citations omitted).

Considering the record as a whole, we conclude that the failure of the trial judge to have granted defense counsel's request for a recess in the trial for the purpose of

presenting this testimony was not an abuse of discretion and does not require a reversal.

■ Appellant also excepts to the trial judge's refusal to give a requested instruction dealing with the defense theory. A defendant is entitled to an instruction relating to his or her theory of defense if there was evidence presented at trial to support the theory. However, an appellate court in reviewing a jury charge need only ascertain whether the charge, when viewed as a whole, fairly and correctly states the issues and law. *United States v. Bosby,* 675 F.2d 1174, 1184 n. 17 (11th Cir.1982); *United States v. Pool,* 660 F.2d 547, 558 (5th Cir. Unit B. 1981). Reversible error does not occur as long as the charge on the whole accurately reflects the legal issues. *United States v. Nickerson,* 669 F.2d 1016, 1021 (5th Cir. Unit B. 1982). A court is not bound to use the exact words and phrasing suggested by counsel in its charge. *United States v. Malatesta,* 583 F.2d 748, 759 (5th Cir.1978), *modified on rehearing en banc,* 590 F.2d 1379, *cert. denied,* 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979).

■ The court gave a sufficient instruction on the defendant's presumption of innocence. The defendant's requested instruction was more of a jury argument than a proper request for instruction. *See United States v. Barham,* 595 F.2d 231, 245 (5th Cir.1979). There was no error in the court's refusal to give appellant's requested instruction.

The judgment is

AFFIRMED.