**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph J. BIRKENSTOCK,
Defendant-Appellant.**

No. 86–2623.

United States Court of Appeals,
Seventh Circuit.

Argued April 13, 1987.
Decided June 22, 1987.

Joseph W. Weigel, Weigel Law Firm,
Milwaukee, Wis., for defendant-appellant.

Matthew L. Jacobs, Asst. U.S. Atty., Joseph P. Stadtmueller, Milwaukee, Wis., for plaintiff-appellee.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

BAUER, Chief Judge.

After a jury trial before a United States Magistrate, Joseph Birkenstock was convicted on four counts of willful failure to file income tax returns for the years 1980 through 1983, in violation of 26 U.S.C. § 7203. Birkenstock was sentenced to work release for six months to be followed by three years of probation and a fine of $30,000. In addition, Birkenstock was ordered to file returns for the years at issue and to pay the costs of prosecution. 26 U.S.C. § 7203. Birkenstock challenges various evidentiary rulings by the trial court and the jury instruction on willfulness. We affirm.

## I.

Section 7203 makes any *willful* failure to pay taxes or file tax returns a misdemeanor.[1] At trial, Birkenstock stipulated that he had not filed Form 1040 income tax returns for the years 1980 through 1983. To show willfulness, the government introduced evidence that in 1974 and 1975, Birkenstock had filed returns in which he attempted to reduce the value of his income by dividing it by the number of dollars that it would take to buy an ounce of gold on the London Gold Market; this is known, in Internal Revenue Service parlance, as a "pseudo-dollar/gold standard" income tax return. The government also presented the testimony of Edward Langer, an attor-

ney with the Internal Revenue Service in Milwaukee. Langer had investigated Birkenstock's tax returns for the years 1975 through 1979 and testified that during that time, Birkenstock had attempted to assign his income to the "Joseph Birkenstock Equity Trust," for the benefit of himself and his family. In addition, the government showed that Birkenstock earned sufficient income to be under a legal obligation to file income tax returns for the years 1980 through 1983.

## II.

■ Birkenstock objects to the testimony which discussed his tax returns prior to 1980. Birkenstock argues that allowing the jury to hear of his "pseudo-dollar/gold standard" returns and of his attempts to create a "family trust", unduly prejudiced the jury against him. Evidence of prior bad acts, although not admissible to show the propensity of the defendant to act in conformity therewith, may be relevant to show motive, opportunity, intent, preparation, plan, knowledge or absence of mistake or accident. FED.R.EVID. 404(b). To further the goals of Rule 404(b), we have required the prior act to be (1) directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) sufficiently related in time and character to the offense charged, and (3) proven by clear and convincing evidence. In addition, a court must determine that the probative weight of the evidence is not outweighed by the danger of undue prejudice. *United States v. Liefer,* 778 F.2d 1236, 1242, (7th Cir.1985); *United States v. Shackleford,* 738 F.2d 776, 779 (7th Cir.1984).

---

**1.** § 7203. Willful failure to file return, supply information, or pay tax:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a mis-

demeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution. In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is not addition to tax under section 6654 or 6655 with respect to such failure.

■ The government presented the testimony regarding Birkenstock's prior filings to show intent. Intent is an issue in a case only if the defendant puts his intent in issue or if the crime charged requires specific intent. *Shackleford*, 738 F.2d at 781. A specific intent crime is one in which the defendant must not only intend the act charged, but also intend to violate the law. LaBuy, *Jury Instructions in Federal Criminal Cases* § 4.04. The willfulness element in section 7203 requires proof of an "intentional violation of a known legal duty." *United States v. Pompanio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976). Therefore, section 7203 is a specific intent crime. *But see United States v. Gruttadauro*, 818 F.2d 1323, 1328 (1987) (finding that the element of willfulness contained in 29 U.S.C. § 186 requires only general intent.) At any rate, Birkenstock's sole defense here was lack of willfulness; he argued that his failure to file was due solely to inadvertence and confusion, based on the advice of counsel and accountants. He clearly put his intent in issue. When willfulness is an issue in the case, prior filings may be relevant not only to show a defendant's knowledge of filing requirements, but also "to show a single scheme or common pattern of illegal conduct." *United States v. Verkuilen*, 690 F.2d 648, 656 (7th Cir.1982); *United States v. Hampton*, 457 F.2d 299, 302 (7th Cir.), *cert. denied, Hampton v. United States*, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972).

The pattern of Birkenstock's behavior is relevant because it supports the jury's determination that his failure to file was not based on mistake, inadvertence or confusion. The 1974 through 1979 returns were sufficiently related in time and character to the acts charged to be probative. Birkenstock does not dispute that the prior filings occurred, but argues that admission of the testimony was unduly prejudicial. When a district court assesses the probative weight of the evidence against the danger of undue prejudice, the ruling will be upheld absent an abuse of discretion. *See, e.g., United States v. Buishas*, 791 F.2d 1310, 1313 (7th Cir.1986). The testimony regarding Birkenstock's past filing practices was

material to respond to his claim that the failure to file was the result of confusion. The danger of *undue* prejudice—that he would be convicted of the prior bad acts rather than those charged—was minimal. The magistrate duly weighed the potential for confusion or undue prejudice against the clear materiality of the evidence. We find no abuse of discretion in the magistrate's determination to admit this evidence of prior bad acts under Rule 404(b).

### III.

■ Birkenstock objects to the testimony of Edward Langer, the IRS attorney, on other grounds as well. Birkenstock claims that Langer's testimony violated the advocate-witness rule, which prohibits an attorney from acting as both a witness and an advocate in the same case. The Disciplinary Rules of the ABA Code of Professional Responsibility prohibit an attorney from accepting employment in a pending case when it is obvious that the attorney must serve as a witness in the case. (D.R. 5–101). The asserted relevance of the Disciplinary Rules to Langer's testimony is based on the fact that it was Langer, in his capacity as an IRS attorney, who recommended criminal prosecution of Birkenstock. Birkenstock argued that as the attorney who recommended criminal prosecution, Langer is covered by the disciplinary rules to the same degree as those actually prosecuting the case.

Birkenstock has directed us to no legal authority—and we have found none—to support the proposition that a government attorney who merely recommends prosecution, and is not a member of the United States Attorney's Office or participating in the actual trial of a case, should be prevented from testifying by the application of the Disciplinary Rules. *Cf. United States v. Morris*, 714 F.2d 669 (7th Cir.1983); *United States v. Birdman*, 602 F.2d 547 (3d Cir.1979), *cert. denied*, 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980); *Phillips v. Wyrick*, 558 F.2d 489 (3d Cir.1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1283, 55 L.Ed.2d 793 (1978); *United States v. Armedo-Sarmiento*, 545 F.2d 785 (2d Cir.

1976), *cert. denied,* 430 U.S. 917, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977); *United States v. Schwartzenbaum,* 527 F.2d 249 (2d Cir. 1975), *cert. denied,* 424 U.S. 942, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976). In *United States v. Johnston,* 690 F.2d 638 (7th Cir. 1982), we addressed the underlying purposes of prohibiting an advocate from testifying. We noted first that an advocate may be a less than objective witness. Second, there's a danger that the prestige of the United State's Attorney's office may improperly enhance the advocate's credibility as a witness. Third, the jurors might be confused by one person assuming the role of both witness and advocate. Last, the testimony of an advocate may give an appearance of impropriety.

Birkenstock would have us define "advocate" as anyone who participates in any way and at any stage of the prosecution. The definition has neither legal nor logical support. As long as a witness does not directly participate in the trial, the mere fact that he holds an office of public trust does not disqualify him as a witness. *United States v. Cerone,* 452 F.2d 274, 288 (7th Cir.1971), *cert. denied,* 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d 240 (1972). Recommending criminal prosecution of Birken-

stock did not transform Langer into an "advocate." Most of the *Johnston* concerns are simply not implicated when the testifying government attorney is neither actively participating in the trial nor is a member of the same governmental unit that is trying the case. While Langer's recommendation of Birkenstock's case for criminal prosecution may affect his objectivity as a witness, that is a matter of bias, better dealt with through rigorous cross-examination than an outright prohibition against testifying. We therefore conclude that the Code of Professional Responsibility did not bar the testimony of Edward Langer.

## IV.

■ Birkenstock objects to the magistrate's failure to give specific instructions on willfulness tendered by the defense.[2] Birkenstock was entitled to have the jury adequately instructed on the element of willfulness and on his theory of the defense, but had no right to have his particular instructions given. *United States v. Boucher,* 796 F.2d 972, 976 (7th Cir.1986). The court gave a thorough and detailed instruction on the element of willfulness.[3]

**2.** The three tendered instructions were:
(1) Congress did not intend that a person by reason of a *bona fide* misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct, and that the requirement that the omission in such instances must be wilful to be criminal is a necessary element of the crime. An act in failing to supply information or file a return may be 'intentional' but still not 'wilful' within the meaning of the statute with which Mr. Birkenstock is charged.
(2) Mere knowing and intentional default in payment of a tax or filing a return, where there has been no wilful failure to disclose the liability, is not intended to constitute a criminal offense of any degree, and wilfulness in such a case must include some element of evil motive and want of justification in view of all the financial circumstances of the defendant taxpayer.
(3) 'Wilful' means intentional, knowing, or purposeful, as opposed to careless, thoughtless, heedless, or inadvertent.

**3.** The entire willfulness instruction given to the jury reads as follows:

The third element which the Government must prove beyond a reasonable doubt is that the defendant's failure to make and file the returns in question was willful. I instruct you that in the context of Section 7203, the element of willfulness is established by proving that the defendant had knowledge of his legal obligation to file a tax return but, nevertheless, voluntarily, deliberately, and intentionally chose not to do what the law required.

But although the government must prove that the defendant deliberately intended not to file his tax return, which he knew he was required to file, the government need not prove that the defendant acted with any additional bad purpose or evil motive.

Defendant's conduct is not "willful" if his failure to file a tax return was due to negligence, inadvertence, or mistake, or the result of a good faith misunderstanding of the requirement of the law that he file a return.

In this connection, it is for you to decide whether the defendant acted in good faith—that is, whether he sincerely misunderstood the requirements of the law—or whether he knew that he was required to file a return and did not do so.

The jury was instructed that "the element of willfulness is established by proving that the defendant had knowledge of his legal obligation to file a tax return but, nevertheless voluntarily, deliberately and intentionally chose not to do what the law required." This comports with the definition of willfulness announced in *United States v. Pompanio*, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) and consistently approved by this circuit. *See, e.g., United States v. Verkuilen*, 690 F.2d at 655 (7th Cir.1982) (and cases cited therein).

The court below went further and instructed the jury that if the defendant's failure to file a tax return was due to "negligence, inadvertence or mistake, or the result of a good faith misunderstanding of the requirement that he file a return", such conduct was not willful. In addition, the court instructed the jury regarding Birkenstock's actual defense—that he relied on the advice of counsel and accountants in failing to file. Reading the instructions as a whole, we find that the district court correctly instructed the jury on the element of willfulness and Birkenstock's theory of defense.[4]

## V.

■ Birkenstock contends that the district court erred in not directing a verdict in his favor once it became clear that the government had W-2 forms for the years in question. This contention is based on a convoluted reading of an antiquated regulation which provides that a W-2 form may serve as a substitute for an income tax return. There are two problems with Birkenstock's argument. First, the regulation at issue appeared in the Federal Register in 1946. It is no longer the law. As the district court correctly noted, the Federal Register was codifed in 1949 into the Code of Federal Regulations. The Code does not contain Birkenstock's 1946 regulation. Moreover, as Magistrate Goodstein noted in the thorough and well-researched district court order, even if the 1946 regulation were still law, it would not help Birkenstock. The outdated regulation provides that the employee shall receive the original W-2 form and that the original may serve as a substitute for an income tax return. The regulation, therefore, requires the employee to file the W-2 form. Birkenstock did not file his W-2 form. Instead, his employer filed the employer's copy of the W-2 form with the government. Birkenstock's contention is without merit.[5]

■ Lastly, Birkenstock claims that his conviction is unconstitutional because his prosecution was initiated by a summons based on an information, without a finding of probable cause. But, "[a] probable

The defendant testified that he relied on the advice of counsel and accountants. In this regard, certain exhibits were admitted to corroborate the fact that he received such advice. These exhibits were admitted for the limited purpose to show what information the defendant received. You are not to concern yourself with the truth of this information, but simply whether or not he relied on this information, and if his reliance was reasonable. This issue of intent, as to whether the defendant willfully failed to file an income tax return, is one which you must determine from a consideration of all the evidence in the case.

It should be pointed out, however, that neither a defendant's disagreement with the law, nor his own belief that a law is unconstitutional—no matter how earnestly held—constitute a defense of good faith misunderstanding or mistake. It is the duty of all citizens to obey the law whether they agree with it or not.

The only purpose necessary for the government to prove in this case is the deliberate intention on the part of the defendant not to file tax returns, which he knew he was required to file, at the time he was required to file them.

4. Birkenstock objects to the failure of the court to instruct the jury that willfulness required an evil motive on the part of the defendant. That is simply not required. *United States v. Latham*, 754 F.2d 747, 750 (7th Cir.1985); *United States v. Koliboski*, 732 F.2d 1328, 1331 n. 2 (7th Cir.1984).

5. In his brief on appeal, Birkenstock argued that the Sixteenth Amendment was invalid as being improperly ratified and that the district court lacked subject matter jurisdiction to decide tax cases. Birkenstock's counsel wisely chose to concede these issues at oral argument, recognizing our clear adverse precedent in both areas. *See United States v. Thomas*, 788 F.2d 1250, 1253–54 (7th Cir.), *cert. denied, Thomas v. United States*, — U.S. —, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986); *United States v. Latham*, 754 F.2d 747 (7th Cir.1985).

cause determination is not a constitutional prerequisite to filing of the information itself." *United States v. Millican,* 600 F.2d 273, 276 (5th Cir.1979), *cert. denied, Millican v. United States,* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980); *Gerstein v. Pugh,* 420 U.S. 103, 125 n. 26, 95 S.Ct. 854, 869, 43 L.Ed.2d 54 (1975). A finding of probable cause is required only when the information is the basis of an arrest warrant. *Gerstein,* 420 U.S. at 114, 95 S.Ct. at 863; *Albrecht v. United States,* 273 U.S. 1, 5, 47 S.Ct. 250, 251, 71 L.Ed.2d 505 (1927). Although it is "highly desirable for the district court to establish ... probable cause supported by oath before putting any defendant to trial ...," the failure to do so cannot serve as a basis for overturning an otherwise valid conviction. *Millican,* 600 F.2d at 277–78.

The district court order is

AFFIRMED.