Elvin L. MARTINEZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 89–78–CR–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

July 23, 1991.

Tamra Phipps, U.S. Atty., Tampa, Fla., for U.S.

J. Thomas Wright and Gaston J. Fernandez, Tampa, Fla., for Elvin L. Martinez.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause comes before the Court on appeal from Defendant's conviction on three counts of willful failure to file an income tax return. By agreement of the parties, the jury trial was held before United States Magistrate Judge Paul Game, Jr.

### I. BACKGROUND

On April 25, 1989, this case was commenced with the filing of a three count indictment against Defendant alleging willful failure to file income tax returns for the years 1983, 1984 and 1985 in violation of 26 U.S.C. § 7203. The case was subsequently referred to the U.S. Magistrate for trial.

Amongst the various pre-trial motions, Defendant filed a Motion for Disclosure of Rule 404(b) Material.[1] In response, the Government filed a notice that it would seek to admit evidence from IRS records showing a pattern of prior late filings by Defendant from 1962 through 1982. Defendant sought to bar this evidence in its Motion in Limine of December 11, 1989. In

---

1. Rule 404(b) of the Federal Rules of Evidence states:

    (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of a motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

his first contention, Defendant maintains that this motion was denied erroneously.

Later, a second dispute arose over the formulation of the jury instructions. Defendant requested the following jury instruction:

### DELEGATION OF RESPONSIBILITY TO AN ACCOUNTANT

The criminal law does not penalize a taxpayer for delegating the responsibility of the preparation of his tax returns to a person whom he has reason to believe is competent to handle such matters. The mistakes of such a person are not attributable to the taxpayer. Thus, if a taxpayer selects a person believed competent to prepare his returns and relies upon him to prepare and file proper returns, he has done all that the law requires of him.

Government objections were upheld by the Magistrate and the instruction was rejected. Defendant argues that this ruling provides a second basis for overturning his convictions.

## II. DISCUSSION

### A. The Admission of Rule 404(b) Evidence

■■■ Pursuant to Defendant's first contention, a decision by the trial court to admit evidence of prior acts under Rule 404(b) should be sustained unless an abuse of discretion can be shown. *United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir. 1983); *United States v. Kopituk*, 690 F.2d 1289, 1333 (11th Cir.1982). A court may admit evidence of extrinsic acts under Rule 404(b) if: (1) the evidence is relevant to an issue other than Defendant's character, and (2) its probative value is not substantially outweighed by undue prejudice. *Kopituk*, 690 F.2d at 1334; *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (en banc). Under this standard, the Court is satisfied that the Magistrate's decision was not an abuse of discretion.

■■■ Concerning the first part of the test, there is abundant case law supporting the admission of evidence concerning prior filings to establish willful failure to file. *United States v. Schiff*, 612 F.2d 73, 78 (2d Cir.1979); *United States v. Johnson*, 386 F.2d 630, 631–632 (3d Cir.1967); *United States v. Taylor*, 305 F.2d 183, 185 (4th Cir.1962); *United States v. Brook*, 414 F.2d 804, 805 (5th Cir.1969); *United States v. Heise*, 709 F.2d 449, 451 (6th Cir.1983); *United States v. Birkenstock*, 823 F.2d 1026, 1027–1028 (7th Cir.1987); *United States v. Thompson*, 513 F.2d 577, 579 (8th Cir.1975); *United States v. Bohrer*, 807 F.2d 159, 161 (10th Cir.1986). Likewise, the use of prior acts to establish intent is explicitly authorized in Rule 404(b). *Supra*, fn. 1.

Defendant contends, however, that the admission of this evidence fails to meet the second requirement of the test. Defendant maintains that the admission of late filings occurring more than twenty years before the charges in the indictment have little or no probative value for determining intent and are, therefore, unduly prejudicial. Furthermore, Defendant claims that he is unable to rebut evidence of events that occurred so long ago. This is further compounded by the fact that neither the government nor the Defendant has copies of these old returns; the government was able to present only the dates on which the returns were filed.

Nonetheless, it is clear that these records, taken together, have considerable probative value. They show a continuous pattern of delinquent filings by the Defendant over the last twenty years which has occurred despite the assistance of a series of accountants and prior IRS warnings. Such evidence is valuable to rebut Defendant's arguments that responsibility for his failure to file returns lies with his accountant. Moreover, to the extent that this evidence was prejudicial, Defendant had adequate opportunity to explain and discredit the evidence before the jury. Therefore, the Court believes that the Magistrate's decision to admit this evidence was not so clearly erroneous that it was an abuse of discretion. Consequently, the Court affirms the trial court's ruling allowing the admission of prior filings.

## B. The Jury Instructions

 Defendant's second allegation of error asserts that his proposed jury instruction was improperly excluded. The failure to include a jury instruction is reversible error only if the instruction is correct, is not substantially covered by other jury instructions, and deals with a relevant point so important that failure to give the instruction seriously impaired Defendant's ability to present a defense. *United States v. Sans*, 731 F.2d 1521, 1529–1530 (11th Cir.1984). In this case, the Court finds Defendant's proposed instruction duplicative and unnecessary.

 In this case, the Magistrate gave a lengthy and detailed instruction defining "willfulness" for the jury. It states in relevant part:

The third element which the Government must prove beyond a reasonable doubt is that the Defendant's failure to make the return in question was willfully committed. The term "willfully," for purposes of these instructions, means voluntarily, deliberately and intentionally; as distinguished from accidentally, inadvertently or negligently.

The failure to make a timely return is willful if the Defendant's failure to act was voluntary and purposeful and with the specific intent to fail to that which he knew the law required; that is to say, with a purpose to disobey or disregard the law which requires him to make timely return....

The Government argues that this instruction implicitly acknowledges a defense based on Defendant's good faith reliance on an accountant to obviate willfulness.

Defendant relies heavily on *United States v. Platt*, 435 F.2d 789, 791 n. 4 (2d Cir.1970) to argue that the supplementary instruction quoted in that case and requested by Defendant should also be given. In that case, the court overturned a failure to file conviction based on the trial judge's rejection of the proposed instruction. The Government points out, however, that *Platt* case is flatly contradicted by controlling precedent in this circuit. In *United States v. Wilson*, 550 F.2d 259, 260 (5th Cir.1977), the court noted:

Appellant also contends that the District Court erred in failing to instruct the jury that an inefficient and negligent accountant could constitute justification for failure to file income tax returns. We disagree.

The trial court properly instructed the jury in the charge that only a good faith misunderstanding of inadvertence constitute justification for failing to file income tax returns.

Furthermore, even if the inclusion of the proposed instruction were appropriate, its omission would not constitute reversible error unless the instructions as a whole failed to fairly and correctly state the applicable issues and law. *United States v. Russell*, 717 F.2d 518, 521 (11th Cir.1983). Thus, in the eyes of the Court, the instructions in this case meet the requirements specified in *Wilson* and the verdict should be affirmed. Accordingly it is

ORDERED that Defendant's convictions in Case No. 89–78–CR–T–17(A) be affirmed, and the judgment previously entered be upheld.

DONE and ORDERED.