LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant-appellant guilty on an indictment which, omitting the formal parts, charged:
“FRANK HICKS, JR.did intentionally receive, retain or dispose of stolen property, to-wit: one man’s white gold class ring of the value of Ninety Dollars, one man’s yellow gold ring of the value of One Hundred Twenty Dollars, the property of Allen Brent Payne, knowing that it was stolen and not having the intent to restore it to its owner, in violation of § 13A-8-18 of the Alabama Criminal Code.”
After adjudging defendant guilty as charged, the State proceeded after due notice to defendant under the Habitual Felony Offenders Act, to fix defendant’s punishment at imprisonment for fifteen years, and sentenced him accordingly. No issue is raised as to the sentence.
The only issue raised on appeal is thus stated in appellant’s brief:
“WHETHER PROSECUTOR’S REMARKS DURING HIS CLOSING STATEMENT WERE PREJUDICIAL TO APPELLANT’S RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL, AND WHETHER THOSE REMARKS PREJUDICED THE JURY IN ITS DELIBERATION.”
The target of appellant’s contention as to the issue is to be found during the closing argument to the jury by counsel for the State as follows:
“MR. GOMANY [State’s counsel]: Now, you can draw reasonable inferences that he knew they were stolen from wherever he got them, without himself went in there got them from somebody he knew went in there and burglarized that house.
“MR. YEITCH [Defendant’s counsel]: Judge, we object to that. That’s not in the evidence at all. There is no testimony that Frank broke in anywhere and he’s not charged with stealing anything.
“THE COURT: Overruled.”
At first view, upon reading the briefs,' it appeared to the writer hereof that probably the argument to which the objection was made was not proper argument and that defendant had been prejudiced thereby by reason of reference by counsel for the State to the offense of burglary, which is now included in offenses captioned in Chapter 7 of Alabama Criminal Code as “OFFENSES INVOLVING DAMAGE TO AND INTRUSION UPON PROPERTY,” and which still has a connotation in the minds of many people, including jurors, of a crime that involves the breaking and entry of a building or the like, including a residence, and permitting a more odious connotation than that found in larceny or theft or the like, upon which the indictment in the instant case is to some extent based. However, a careful reading of the transcript leads to a different conclusion as to whether the argument was proper and as to whether it was prejudicial.
The undisputed and unquestioned testimony of the alleged victim was to the effect that the residence of him and his wife was burglarized and the property described in the indictment was stolen on June 2, 1981, some time after he and his wife had left the house locked at approximately 8:30 A.M. The owner of Coin Castle in Five Points West testified that sometime thereafter on June 2, 1981, he bought the items from the defendant and paid him the sum of $66.50 for the class ring and $40.00 for the wedding ring. From the beginning of the evidence in the case and throughout the entire trial of the case, the actual burglary of the victim’s house was recognized as an established fact. The victim was the first witness in the case, and the first part of the cross-examination of him is as follows:
“BY MR. VEITCH:
“Q. Mr. Payne, when-what was the date your house was broke into?
“A. June 2, ’81.
“Q. Okay, between what — what time did you leave for work?
“A. I left approximately 8:30.
“Q. Okay, and your wife, does she work, too?
“A. She wasn’t. She came and helped me that day at my place.
*585 “Q. Okay, so you both left about the same time?
“A. She left about an hour later.
“Q. All right. So sometime between nine and five on June 1st.
“A. June 2nd.
“Okay, June 2nd was when this burglary occurred at your house?
“A. Yes, sir.
“Q. How did the people get in your house, if you know?
“A. Got in through a window.
“Q. A bedroom window?
“A. A kitchen window was unlocked and just raised up.”
Further on during the cross-examination of the witness, is the following:
“Q. Now, the burglary of your home occurred on the 2nd June, and you called the Sheriff’s deputies out there.
“Well, they didn’t do a whole lot, anything except write up the report, right?
“A. They went around the back of the house and looked at the window and then came inside and looked at the kitchen. This happened to be the one over the kitchen sink and there was a piece of a footprint on the cabinet.”
In the light of all the circumstances in this particular case, including the fact that it was clear and undisputed that the theft or larceny of the property involved occurred during a burglary and that the term “burglary” was injected into the ease by defendant, we find nothing improper in the use of the term by counsel for the State in his argument to the jury. We turn now to a consideration of appellant’s argument in support of his only contention for a reversal.
Appellant cites authorities to support his contention that “improper insinuations” and “misstatements of facts” of a prosecuting attorney can become a basis for “overturning” a defendant’s conviction. However, no authority is cited wherein arguments such as the argument now under consideration were involved. The one-sentence argument'to which defendant’s objection is made is not a model of clarity, and we are not favored by information as to its preceding or succeeding context. The gist of appellant’s criticism of the argument is to be found in two excerpts from his brief which we quote and consider. In the first, appellant states:
“... The Prosecutor inferred that the Appellant knew the rings were stolen and accuses him of burglary, a crime he was not charged with. If ever there existed an improper insinuation, this is it.”
Notwithstanding the lack of clarity in the argument and the apparent sincerity of defendant’s counsel in his objection to the argument, as well as his criticism thereof in his brief, we fail to find in the argument any accusation or implication by counsel for the State that defendant was guilty of burglary.
In other pertinent part of appellant’s brief, it is stated:
“In a receiving stolen property case, the element of knowledge that the items are stolen is crucial. That knowledge is, once possession is freely admitted, the entire case in a nutshell. For the Prosecutor to tell the jury that the Appellant ‘went in there’ or knew who did ‘burglarize the house’ is a gross misstatement and could not, Appellant submits, be more prejudicial.”
We agree with the first two sentences of the quoted excerpt. We do not agree with the last and only other sentence thereof. The prosecuting attorney did not “tell the jury that the Appellant ‘went in there’ or knew who did ‘burglarize the house.’ ” We think some clarification is needed as to the meaning of what was stated by the prosecuting attorney, but we do not agree with appellant as to his criticism of the argument. Furthermore, as stated in the next sentence of appellant’s brief, “the only issue in dispute was whether Appellant knew the rings were stolen,” and the transcript convinces us that the jury fully understood that such was the only issue and could not have been led to a contrary conclusion. We are of the opinion that the action of the court in overruling defendant’s objection did not constitute error prejudicial to the defendant.
*586 The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.