**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harland L. RADUE,**
**Defendant-Appellant.**

**Non-Argument Calendar**
**No. 82–7124.**

United States Court of Appeals,
Eleventh Circuit.

June 16, 1983.

---

494

Michael G. Parham, Talking Rock, Ga., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Holly L. Wiseman, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

On April 2, 1981, appellant Harland Radue was indicted on two counts of failure to file an income tax return in violation of 26 U.S.C. § 7203. Having consented to be tried by a United States magistrate, appellant's case went before a jury where he was found guilty as charged. Appellant appealed to the district court where his conviction was affirmed on April 15, 1982. Appellant subsequently filed this appeal.

FACTS

For the years 1975 and 1976, appellant failed to file a valid U.S. tax return. During this time, appellant was engaged in the practice of chiropractic medicine. In addition to rendering his professional services, the appellant also offered what he considered to be a Christian "ministry" to his patients. This included offering spiritual

counsel and material assistance to those people and projects he deemed worthy, including substantial contributions to his church.

During 1975–76, appellant did not maintain a checking account in his own name, but rather, he deposited checks, given to him as payment for his chiropractic services, into his wife's checking account. For 1975, a total $13,031.80 in checks were deposited into his wife's account. In 1976, a total of $17,782.96 was deposited into his wife's account. For those two years the appellant submitted returns which contained no financial information. Each line on the return simply asserted the appellant's fourth and fifth amendment privileges.

Although several meetings were held between the appellant and the IRS agents, no agreement was reached. Accordingly, the IRS issued a "Final Recommendation for Criminal Prosecution" on April 25, 1979. Approximately two years later, on April 2, 1981, an indictment was issued charging the appellant with failure to file valid tax returns for 1975 and 1976.

### I. Issues on Appeal

### (a) Pre-indictment delay

Appellant assigns error to the magistrate's refusal to hold an evidentiary hearing regarding appellant's claims of violation of his sixth amendment guarantee for a Speedy Trial and his fifth amendment due process rights. Appellant bases these violations on the pre-indictment delay between the April 1979, Final Recommendation for Prosecution and the April 1981, indictment.

■ Appellant asserts that the IRS' Final Recommendation constitutes a formal accusation, thereby activating the time requirement of the Speedy Trial guarantee. Generally, a defendant's right to speedy trial begins to run at the time of arrest or indictment. *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982); *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). The question presented is whether an agency's recommendation to the

Justice Department to prosecute activates the Speedy Trial guarantee. Appellant relies on *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1977) as support for his proposition that a final recommendation is the equivalent of an accusation. *LaSalle* does state that "[a] referral to the Justice Department [for prosecution] permits criminal litigation to proceed." *Id.* at 312, 98 S.Ct. at 2365. This statement, however, does not imply that criminal litigation *must* proceed upon a referral, rather, the Justice Department investigates the case once it has been referred and then decides whether prosecution is appropriate. Until an indictment, information or arrest has occurred there is no speedy trial requirement. *United States v. Hendricks,* 661 F.2d 38 (5th Cir.1981). Accordingly, we find no error in the magistrate's decision to not hold an evidentiary hearing on this issue.

■ Appellant argues, in the alternative, that even if the Speedy Trial Act was inapplicable, his fifth amendment due process rights were violated due to the pre-indictment delay. It is well established that *preaccusation* delay may violate the due process guarantee of the fifth amendment if two factors can be shown: (1) the defendant incurred substantial prejudice as a result of the delay, and (2) the government intentionally delayed in order to gain a tactical advantage. *See United States v. Marion,* 404 U.S. 307, 322–25, 92 S.Ct. 455, 464–466, 30 L.Ed.2d 468 (1971); *United States v. Durnin,* 632 F.2d 1297 (5th Cir. 1980).

■■ Appellant has pointed to no specific facts or evidence to support his claim of intentional government delay. "Speculative allegations, such as general allegation of loss of witnesses and failure of memories, are insufficient to demonstrate the actual prejudice required by *Marion.*" *United States v. Butts,* 524 F.2d 975, 977 (5th Cir. 1975) citing *United States v. McGough,* 510 F.2d 598, 604 (5th Cir.1975). Appellant does argue that the attorney who represented him during the period covered by the indictment was unable to attend the trial. How-

ever, he makes no proffer as to what purpose the attorney's testimony would have served, whether such testimony would have substantially contributed to appellant's defense, or that this resulted from government intention to gain an advantage. Because appellant has not met either requirement necessary to demonstrate a due process violation, we conclude that the magistrate's conclusion that the delay did not violate appellant's due process rights was correct and his decision declining to hold a hearing on this issue was proper.

(b)

 Appellant assigns error to the magistrate's refusal to hold an evidentiary hearing to further investigate the allegations he made in a pre-trial motion to suppress the evidence. Appellant asserted, in his motion to suppress, that the Government had improperly gathered evidence through the use of § 7602 summons. Section 7602 of the Internal Revenue Code authorizes the IRS to summon a taxpayer or third party to testify and produce documents which are relevant to an inquiry concerning civil tax liability. In *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1977), the Supreme Court held that a § 7602 summons may not be utilized for the sole purpose of gathering evidence for a criminal prosecution. *Id.* at 316 n. 18, 98 S.Ct. at 2367 n. 18 and accompanying text; *Donaldson v. United States,* 400 U.S. 517, 533, 91 S.Ct. 534, 543, 27 L.Ed.2d 580 (1971); *United States v. Southeast First National Bank,* 655 F.2d 661, 664 (5th Cir.1981). To ensure that the summons is not used to gather evidence for criminal prosecution, a § 7602 summons may not properly be issued following a recommendation to the Justice Department to prosecute. *Donaldson,* 400 U.S. at 536, 91 S.Ct. at 545; *see also LaSalle,* 437 U.S. at 313–17, 98 S.Ct. at 2366–2368.

 Appellant contends these summonses were used by the IRS to gather evidence for criminal prosecution after the agency made its recommendation of prosecution to the Justice Department. Initially,

we note that an evidentiary hearing to investigate whether the IRS has improperly issued a § 7602 summons is appropriate. *See United States v. Southeast National Bank of Miami,* 655 F.2d 661, 665 (11th Cir. Unit B 1981). This hearing, however, is usually held at the time the summons is issued at an enforcement hearing or hearing on a motion to quash the summons. Appellant waited until a pre-trial motion to raise any allegation of wrongdoing on the part of the IRS. Although there may be occasions when a pre-trial hearing on the propriety of a § 7602 summons would be appropriate, we conclude no hearing was necessary in this instance. Any error in the magistrate's decision not to hold an evidentiary hearing was harmless at best. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *United States v. Lay,* 644 F.2d 1087, 1090–91 (5th Cir.); *cert. denied,* 454 U.S. 869, 102 S.Ct. 336, 70 L.Ed.2d 172 (1981); *see also* Fed.R.Crim.P. 52(a).

We need not address the magistrate's denial of the motion to suppress for the following reasons. First, the record and transcript fails to indicate that any evidence obtained from the alleged improper summons was introduced at trial. The appellant cites no examples of such evidence in his briefs to this court. Moreover, after carefully reviewing the record and transcript we are unable to discern any instance where the appellant objected to either an exhibit or any testimony by the Government witnesses on the ground that the evidence being offered was obtained through the use of an improperly issued § 7602 summons. Second, although appellant argues his motion to suppress should have been granted in his brief to this court, in his brief to the district court appellant stated: "matters raised by the motion to suppress were later waived by the counsel for defendant by entry into a factual stipulation as to [the] financial gross receipts ..., of Dr. Radue." Brief of Appellant at 3.

In light of these facts, the denial of the requested hearing and the motion to suppress are without merit.

(c) Remaining issues

Appellant also attacks the magistrate's denial of a hearing to determine the propriety of his assertion of a fifth amendment right against self-incrimination. This issue arose as a result of appellant's submitting tax returns for the years in question in which he asserted, on every available blank space, that he refused to submit any requested information on the basis of the fourth and fifth amendments. Such a blanket assertion of the privilege against self-incrimination is not justifiable under the fifth amendment. *United States v. Pilcher,* 672 F.2d 875, 877 (11th Cir.1982); *United States v. Booher,* 641 F.2d 218, 219 (5th Cir.1981). The magistrate properly refused to grant a hearing on this issue.

The remaining issues asserted by appellant are without merit. Having found no error, we

AFFIRM.