HUBERT TAYLOR, Judge.
The Houston County Grand Jury indicted appellant for burglary II in violation of § 13A-7-6, Code of Alabama 1975, in February 1980. On February 11, 1980, a writ of arrest was issued for appellant based on the indictment. In May 1980, the appellant was convicted in Florida of another burglary and incarcerated there for the next two years. In June 1982, appellant asserted his right to a speedy trial on the charges stemming from the 1980 Houston County indictment. The writ of arrest, issued on February 11,1980, was executed on September 9, 1982. Appellant was tried and convicted of burglary, second degree, on October 26, 1982, and sentenced to six years in the penitentiary. Appellant now brings this appeal based on the claim that he was denied his right to a speedy trial.
The four factors to be assessed in determining whether a criminal defendant has been denied a speedy trial are: (1) the length of the delay, (2) the reason for delay, (3) the assertion by the defendant of his right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The length of the delay must be “presumptively prejudicial” in order to make inquiry into the remaining Barker factors. Barker, supra; Watson v. State, 389 So.2d 961 (Ala.Cr.App.1980). This court held that a delay of two and one-half years was long enough to be considered “presumptively prejudicial” in the case of McCallum v. State, 407 So.2d 865 (Ala.Cr.App.1981). We will, therefore, review the other Barker factors.
The record provides no information concerning the reason for the delay. Appellant contends the State knew he was incarcerated in Florida and, therefore, had a duty to extradite him for trial. The only support for this assertion is that a Sergeant Gilley knew appellant was being held by Florida authorities prior to the indictment. Appellant, however, was not convicted and sentenced on the Florida charge until some four months after Sergeant Gilley’s last contact with him. There is nothing to indicate that Sergeant Gilley or any other Alabama official knew of the Florida conviction or that appellant was being held there four months after Gilley’s last contact with him. Assuming, however, that the State did know of appellant’s whereabouts, the reason for delay seems to be no more than negligence. There is no showing that this was a case of deliberate prosecutorial delay. “Negligence on the part of the State must be weighed less heavily than deliberate prosecutorial delay.” McCallum, supra, at 867.
Appellant asserted his right to a speedy trial for the first time in June 1982. Appellant asserts that he was unaware of his right prior to that time. A review of the testimony does not support that assertion. Appellant is well acquainted with the judicial system, having several convictions already on his record.
Appellant also asserts that he was unaware that charges were pending against him in Alabama until June 1982. This is not supported by the record. Appellant gave a signed confession to Sergeant Gilley admitting his involvement in the Houston County burglary. Sergeant Gilley testified that he discussed with appellant, prior to taking the statement, the possibility of any Alabama time running concurrently with any Florida time. Surely, appellant realized that the confession and the talk about doing time would result in criminal charges.
These mere assertions cannot be made the basis for relieving appellant of his duty. Appellant was tried and convicted within four months of the time he first asserted his right. It should also be noted that appellant escaped from the Florida authorities at some point after his May 1980, conviction and was later convicted of escape. Some part of the delay in bringing appellant to trial in Alabama would have been, by necessity, caused by appellant’s own conduct in escaping and the subsequent need for a trial on that charge.
*636 Appellant claims that he was prejudiced by the delay because his memory had faded. No particulars were given to support this conclusion. The record does not show that the appellant or any of the witnesses had any trouble recalling the facts. Appellant’s attorney as much as concedes that appellant was not prejudiced by the delay; we agree.
In Byrd v. State, 421 So.2d 1344, 1346 (Ala.Cr.App.1982), this court said: “The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, ... and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.” Appellant in this case would have been incarcerated regardless of the actions taken by Alabama authorities. The factors set out in Barker, supra, weigh against appellant. The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.