**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome H. VANCE, Defendant-Appellant.**

No. 83–8525
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 23, 1984.

Rehearing and Rehearing En Banc
Denied June 22, 1984.

R.C. Cougill (Court Appointed) Lilburn, Ga., for defendant-appellant.

Stephen S. Cowen, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Jerome H. Vance appeals to this court from his conviction in the district court on three counts of willful failure to file tax returns for the tax years 1977, 1978, and 1979. *See* 26 U.S.C. § 7203. The evidence in the district court showed that, for the tax years 1973–1975, Vance filed "normal" tax returns containing financial information from which taxes could be computed. In 1976, he filed a "gold/silver" protest return, claiming that his income was not taxable because the dollars had not been paid in gold or silver. (Vance was not charged in connection with this return.) In 1977, 1978, and 1979, Vance filed the returns at issue in this case. On the 1977 return, Vance wrote "object; self-incrimination" on the lines for wages, business income, capital gains and distributions, total income, adjusted gross income, tax table income and tax computations. He wrote "none" or "0.00" for the remaining items. Vance listed his social security number and indicated that his occupation was "businessman." Vance completed the 1978 and 1979 returns in the same manner as he completed the 1977 return, except that he wrote "object: self-incrimination" on the lines calling for social security number and occupation. On appeal, Vance contends that this court should reverse his conviction because the district court refused to conduct a pretrial *in camera* hearing on Vance's claim of fifth amendment privilege, because the district court improperly admitted certain evidence, because the district court improperly instructed the jury, and because he was the subject of selective or vindictive prosecution. Finding no error, we affirm.

I

Vance first contends that the district court erred in refusing to hold an *in camera* hearing to determine the validity of Vance's claim of privilege under the fifth amendment. The district court properly refused to grant such a hearing; under the facts in this case, Vance was not entitled to any hearing at all, and he was certainly not entitled to an *in camera* hearing. *See United States v. Radue*, 707 F.2d 493, 497 (11th Cir.1983); *see also United States v. Pilcher*, 672 F.2d 875 (11th Cir. 1982); *United States v. Booher*, 641 F.2d 218 (5th Cir. Unit B 1981). As we stated in *Radue:*

> Appellant also attacks the magistrate's denial of a hearing to determine the propriety of his assertion of the fifth amendment privilege against self-incrimination.

This issue arose as a result of appellant's submitting tax returns for the years in question in which he inserted, on every available blank space, that he refused to submit any requested information on the basis of the fourth and fifth amendments. Such a blanket assertion of the privilege against self-incrimination is not justifiable under the fifth amendment. 707 F.2d at 497. The return in this case clearly falls under the rule stated in *Radue*. Although the source of Vance's income might arguably be privileged, the amount must be reported. *See Pilcher*, 672 F.2d at 877. Vance's only defense to the failure to file a return charge was that he had acted pursuant to a good faith claim of privilege, *Booher*, 641 F.2d at 219–20; however, this was an issue for consideration by the jury.

## II

■ Vance next contends that the district judge improperly admitted evidence showing that Vance earned a substantial amount of income for the years in question and thus was required to file tax returns. Vance contends that this evidence was inadmissible under Rule 404 of the Federal Rules of Evidence. The evidence was clearly admissible in this case. First, the evidence was relevant to show that Vance had a duty to file tax returns for the years in question; thus, the evidence cannot be characterized as evidence of bad character or bad acts to prove that Vance acted "in conformity therewith on a particular occasion." Fed.R.Evid. 404. In addition, the evidence was clearly admissible to show that Vance, because he had incurred a substantial tax liability, had a motive to file the inadequate returns and did not act in good faith under *Booher*, 641 F.2d at 220. *See* Fed.R.Evid. 404(b).

## III

■ Vance next challenges the trial court's instructions to the jury. He challenges the following instruction:

Ladies and gentlemen, you are instructed that a document; that is, a 1040 form which does not contain sufficient financial information to enable the Internal Revenue Service to determine that individual's tax liability is not a tax return within the meaning of the law.

The bare act of submitting a form 1040 lacking such information does not constitute the filing of a tax return for purposes of the statute that is involved here.

Vance contends that this instruction was improper because, even though it is clearly correct under the current law, *see, e.g., Radue; Booher*, the case law on this issue was unclear until "after the filings of the appellant in the instant appeal." Thus, according to Vance, he did not have reasonable notice of the filing requirements. This contention is utterly without merit. As early as 1927, the Supreme Court stated: "It would be an extreme if not an extravagant application of the fifth amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime." *United States v. Sullivan*, 274 U.S. 259, 263–64, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). The district judge's instruction was entirely correct and properly stated the law.

## IV

■ As his final contention, Vance argues that he was the target of vindictive and selective prosecution. This issue is totally devoid of merit. *See United States v. Johnson*, 577 F.2d 1304, 1309 (5th Cir. 1978) ("[t]he fact that tax protesters are vigorously prosecuted for violation of the tax laws demonstrates nothing more than a legitimate interest in punishing flagrant violaters and deterring violations by others"). In any event, this issue is not properly before this court because Vance has raised it for the first time on appeal. *Ross v. Hopper*, 716 F.2d 1528, 1538 (11th Cir. 1983).

The judgment of the district court is AFFIRMED.