McMILLAN, Judge.
The appellant, Lemuel Haywood, was found guilty of first degree robbery in the Circuit Court of Jefferson County and sentenced to life without parole, pursuant to the Habitual Offender Act.
On February 19, 1984, the appellant was charged with the robbery of Busch Jewelry Store in Bessemer, Alabama, and a warrant was issued for his arrest. On March 14, 1984, the appellant was arrested and incarcerated on another charge in Florida. He sent a letter requesting a fast and speedy trial on all matters pending in Jefferson County. On December 6, 1984, he was sentenced on all charges pending against him in Florida and on December 26, he filed a form under the Uniform Mandatory Disposition of Detainers Act, Code of Ala *517 bama (1975), § 15-9-80 et seq. On March 21, 1985, appellant was indicted and was returned to Alabama on August 18, 1985. He was brought to trial on September 25, 1985.
I.
Appellant contends that the trial court erroneously denied his motion to dismiss for failure to comply with the Uniform Mandatory Disposition of Detainers Act. He further contends that this delay of over 180 days as prohibited by the Act between filing under the Act and his return to Alabama, resulted in such prejudice that he was not afforded a fair trial. In determining whether a defendant’s right to a speedy trial has been denied because of a pretrial delay, the considerations to be examined include the length of the delay, the reason for the delay, whether and how the defendant asserted his right to a speedy trial, and any resulting prejudice to the defendant. Harper v. State, 420 So.2d 835 (Ala.Cr.App.1982); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The mere passage of time does not amount to the denial of a speedy trial. Lovell v. State, 477 So.2d 485 (Ala.Cr.App.1985); Noe v. State, 391 So.2d 151 (Ala.Cr.App.1980). This court said in one particular case that despite a delay between indictment and trial which was presumptively prejudicial, there was a justifiable reason for the delay in that following his indictment for robbery, the appellant was charged with a capital offense. Thomas v. State, 432 So.2d 15 (Ala.Cr.App.1983). Moreover, the State of Alabama designated the appellant as an ‘accused’ person [for purposes of determining when the right-of-speedy-trial rule attached] “when it filed a warrant and detainer with the Escambia County, Florida, authorities”; however, that date was found improper in computing the length of the delay because the court said, “the particular facts in this case cause us to pursue a ‘modified approach’ in our calculation of the delay, as was done in Prince v. Alabama, 507 F.2d 693 (5th Cir.1975).” Prince v. State, 354 So.2d 1186, 1190 (Ala.Cr.App.1977), cert. denied, 354 So.2d 1193 (Ala.1978). Therefore, because the appellant was incarcerated in Florida awaiting trial on an armed robbery charge when the warrant and detainer were lodged against him, he was not “realistically available” until after his trial and conviction in Florida; thus, that was the proper date from which to calculate the length of delay. Id. Even if the delay was measured from the indictment to trial and found to be excessive, it is still necessary to show that the State did not make a “good faith” effort to bring the defendant back for trial and that the defendant, as a result of the delay, suffered real prejudice. Ex parte Slaughter, 377 So.2d 632, 633 (Ala.), on remand, 377 So.2d 634 (Ala.Cr.App.1979). Where the reason for the delay is a lack of diligence by the Alabama officials in trying to secure the defendant for trial, this is a factor to be weighed against any resulting prejudice and the length of the delay. Furthermore, in examining the reason for the delay, this court has indicated that even if the Alabama officials were aware of a defendant’s confinement in an out-of-state prison and failed to act, it is important that the reason for the delay was no more than negligence. Thompkins v. State, 437 So.2d 634 (Ala.Cr.App.1983). “There is no showing that this was a case of deliberate prosecutorial delay. ‘Negligence on the part of the State must be weighed less heavily than deliberate prosecutorial delay.’ ” Id. at 635. See also Dykes v. State, 452 So.2d 1377, 1379 (Ala.Cr.App.1984). In Slaughter, supra, the length of the delay was over three years from the time of the indictment to trial and the defendant clearly proved real prejudice through testimony that the detainer filed by the Alabama authorities had an adverse effect on his parole consideration, as well as on the decision as to where he would be incarcerated, and on his participation in work release programs. The defendant in Slaughter further testified that if the detainer either had not been filed or had been acted upon once filed, then he could have received better prison accommodations and may have been able to negotiate concurrent sen *518 tences. Where there is no showing of prejudice to the appellant, then he can not establish that the Uniform Mandatory Disposition of Detainers Act was violated. Davis v. State, 469 So.2d 1348, 1350 (Ala.Cr.App.1985). Factors to be considered in determining prejudice include death or unavailability of a witness or lapse of memory, but while these factors are related, none have “talismanic qualities” and must be considered with any other relevant circumstances. Ex parte Blake, 469 So.2d 1301, 1304 (Ala.1985). Thus, evidence of prejudice was insufficient where the appellant claimed that his memory had faded and no particulars were given to support this conclusion. Thompkins v. State, supra at 636.
Appellant must point to specific facts in evidence to support his claim. United States v. Radue, 707 F.2d 493, 495 (11th Cir.), cert. denied, 464 U.S. 916, 104 S.Ct. 281, 78 L.Ed.2d 259 (1983). “[S]pecu-lative allegations, such as general allegations of loss of witnesses and failure of memories, are insufficient to demonstrate the actual prejudice...” United States v. Butts, 524 F.2d 975, 977 (5th Cir.1975), citing United States v. McGough, 510 F.2d 598, 604 (5th Cir.1975). In Radue, the appellant asserted that the attorney who represented him during the period in which he was under indictment was unavailable to attend trial, but the appellant made “no proffer as to what purpose the attorney’s testimony would have served, whether such testimony would have substantially contributed to appellant’s defense, or that this resulted from government intention to gain an advantage.” Id. at 496. In the case sub judice, appellant clearly shows prejudice caused by the absence of a witness who was available during the period in which the appellant was filing his motions for a speedy trial, but who was unavailable when trial was commenced. Appellant alleges that the testimony of this witness was crucial to his defense because he was aware of appellant’s whereabouts during the robbery and he was later identified by an eyewitness as the person who committed the robbery.
Despite the prejudice caused to the appellant by the delay, he was not entitled to dismissal, because the 180-day time limitation was never properly activated. “A prisoner seeking to benefit from the statutory provisions [of the Uniform Mandatory Disposition of Retainers Act] must first meet the burden of compliance with the agreement.” McCallum v. State, 407 So.2d 865, 869 (Ala.Cr.App.1981). “ ‘We are of the opinion that there must be strict compliance by the prisoner with the requirements ..., otherwise, a conniving prisoner could finagle procedures to frustrate efforts of the prosecution to give the prisoner the benefit of the Interstate Compact on De-tainers.’ ” Seymore v. State, 429 So.2d 1188, 1193-4 (Ala.Cr.App.1983). The appellant’s request for disposition was insufficient to trigger the State’s obligation under Article III of the Act. Whitley v. State, 392 So.2d 1220, 1224 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1225 (Ala.1981).
“In the case at bar, appellant failed to comply with the requirements of the Act. Among other things, the Act requires that ‘the request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner’ stating certain facts (Art. III(a)); that the written notice be sent by the appropriate corrections official having custody of the defendant, by certified or registered mail, return receipt requested (Art. III(b)). These simple prerequisites were not followed in the case sub judice.” St. John v. State, 473 So.2d 658, 661 (Ala.Cr.App.1985).
“When a prisoner chooses to bypass the simple procedure provided in art. III(b), and attempts to deal directly with officials in the receiving state, he must satisfy the additional requirements of the agreement which would normally be executed by officials in the sending state.” McCallum v. State, supra, at 869. Because the appellant did not notify the proper prison officials and did not send the certificate to the State of Alabama, and because the return receipt was not sent, the State’s obligations under the Uniform Mandatory Disposition *519 of Detainers Act were not triggered. After reviewing the totality of the circumstances of this case, we are of the opinion that despite the prejudice suffered by the appellant due to the unavailability of his witness, it is outweighed by his failure to comply with the requisites of the Act; the lack of proof that the delay was caused deliberately and intentionally by the State; the length of the delay [the period between the appellant’s filing under the Act and his tidal was approximately 9 months, and the period between indictment and trial was approximately 6 months]; and “[t]he delay did not interfere with the defendant’s liberty, disrupt his employment, drain his financial resources, or curtail his associations,” Harper v. State, 420 So.2d 835, 840 (Ala.Cr.App.1982), since he was incarcerated in Florida.
II.
The appellant alleges that certain statements made by the prosecutor in his closing argument, as well as testimony concerning a robbery for which he was not charged in the indictment, require that a mistrial be granted. On cross-examination, a witness for the State indicated that she saw the appellant in the store on the day on which another robbery had occurred. The trial judge subsequently gave the jury instructions that they were not to consider the statement because it was unresponsive to the question, and the judge denied the appellant’s motion for a mistrial. Arguments made by the prosecutor which accuse a defendant of a crime unsupported by the evidence and not included in the indictment are error, especially where objections thereto are overruled and no curative instructions are given. Morrison v. State, 455 So.2d 240, 244 (Ala.Cr.App.1984). However, where the remarks “are ambiguous and do not automatically convey the clear inference of past criminal activity,” then “[t]he propriety of such remarks must be left within the sound discretion of the trial judge whose judgment will not be reversed unless it appears that there was an abuse of such discretion.” Farley v. State, 406 So.2d 1045, 1048 (Ala.Cr.App.), cert. denied, 406 So.2d 1050 (Ala.1981). See also Ingram v. State, 437 So.2d 128 (Ala.Cr.App.1982), cert. denied, 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 186 (1984) (wherein the prosecutor’s remarks that defendant had a “known print card” were found not to be clear evidence of another offense); Hicks v. State, 431 So.2d 583 (Ala.Cr.App.1983) (wherein the prosecutor’s comments were found not to be “improper insinuations” of the defendant being guilty of burglary.)
Moreover, evidence of separate crimes is admissible if it tends to prove guilt of the crime for which the defendant is being tried and such “ ‘evidence is relevant and competent [and] it should be admitted regardless of its incidental effect.’ ” Weeks v. State, 456 So.2d 395, 399-400 (Ala.Cr.App.1983), affirmed, 456 So.2d 404 (Ala.1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985); C. Gamble, McElroy’s Alabama Evidence, § 69.-01(1)(3rd ed. 1977). Thus, evidence that a defendant had previously robbed the same store was admissible as tending to show plan, scheme, design, or system. Player v. State, 421 So.2d 1338 (Ala.Cr.App.1982).
Furthermore, when a trial court promptly charges the jury to disregard improper remarks, there is a presumption against error and the prejudicial effects thereof are removed. Woods v. State, 460 So.2d 291, 295 (Ala.Cr.App.1984); Elmore v. State, 414 So.2d 175 (Ala.Cr.App.1982); Minor v. State, 402 So.2d 1121 (Ala.Cr.App.1981). “In such a case, the right to declare a mistrial rests in the sound discretion of the presiding judge.” Woods v. State, supra; Durden v. State, 394 So.2d 967 (Ala.Cr.App.1980), cert. quashed, 394 So.2d 977 (Ala.1981.)
During his closing argument, the prosecutor made remarks to the effect that “devious tricks to distort the truth” had occurred during the trial. “The State has a right to draw proper inferences from the evidence and to draw conclusions from the evidence based on its own reasoning.” Long v. State, 446 So.2d 658, 661 (Ala.Cr. *520 App.1983). Further, “the conduct of the accused ... during the trial is a proper subject of comment.” Wherry v. State, 402 So.2d 1130, 1133 (Ala.Cr.App.1981). Statements made by a prosecutor are not evidence, Henry v. State, 468 So.2d 896 (Ala.Cr.App.1984), cert. denied, Ex parte Henry, 468 So.2d 902 (Ala.1985), and must be evaluated at their true worth rather than as factors in the formation of a verdict. Orr v. State, 462 So.2d 1013 (Ala.Cr.App.1984). Moreover, the trial court is in the best position to determine when statements by counsel are legitimate and when they degenerate into abuse. Henderson v. State, 460 So.2d 331 (Ala.Cr.App.1984).
AFFIRMED.
All the Judges concur.