[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10651
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00108-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERRY PEEL JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 10, 2008)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

After a jury trial, Sherry Peel Jackson appeals pro se her convictions for

willful failure to make an income tax return, in violation of 26 U.S.C. § 7203.

After review, we affirm.

A four-count information charged Jackson, a former Internal Revenue Service ("IRS") agent, with willfully failing to make an income tax return for each of the four years from 2000 through 2003, in violation of 26 U.S.C. § 7203. Each count alleged Jackson had the obligation to make an income tax return "as required by Title 26, United States Code, and by regulations made under the authority thereof." The information alleged Jackson had gross income in excess of (1) $12,950 in 2000 (Count 1); (2) $13,400 in 2001 (Count 2); (3) $13,850 in 2002 (Count 3); and (4) $15,600 in 2003 (Count 4).

At trial, Jackson testified, inter alia, she did not file income tax returns for those four years because, based on her research of the revenue code and regulations, she did not believe she was required to do so. The jury convicted Jackson on all counts. Counsel represented Jackson at trial, but, prior to sentencing, Jackson discharged her attorney and elected to proceed pro se.

Prior to sentencing, Jackson filed a series of pro se motions arguing that her information should have been dismissed because: (1) the IRS Form 1040 did not comply with the Paperwork Reduction Act ("PRA"); (2) the information violated her Fifth Amendment right against self-incrimination; and (3) § 7203 was unconstitutionally vague and ambiguous. Jackson also argued that 18 U.S.C.

2

§ 4083 prohibited the district court from sentencing her to any facility that housed felons because she was convicted of misdemeanors.

The district court denied Jackson's pro se motions and sentenced Jackson to four consecutive 12-month sentences, for a total of 48 months' imprisonment, followed by one year of supervised release on each count, to be served concurrently. Jackson timely filed this pro se appeal.

As a threshold matter, we reject as wholly meritless Jackson's argument that the district court lacked subject matter jurisdiction over her prosecution. Federal courts have exclusive jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231; see also United States v. Evans, 717 F.2d 1334, 1334 (11th Cir. 1983) (stating that it is frivolous to argue that a district court does not have subject matter jurisdiction over § 7203 offenses). Also, we summarily reject Jackson's claim that there is no case or controversy presented here under Article III and that, because the United States is the named party, the United States Attorney lacked standing to file an information. See 28 U.S.C. § 547 (stating that the United States Attorney for each district is responsible for prosecuting crimes against the United States).

We also reject Jackson's argument that her information failed to allege a § 7203 offense because it alleged in the conjunctive that she was required to make

3

a federal tax return under Title 26 "and by regulations made under the authority thereof" and did not specifically reference § 6012, the section requiring her to file a tax return.[1]  Section 7203 makes it a misdemeanor for an individual to not file a tax return when she is "required by this title or by regulations made under authority thereof to make a return."  26 U.S.C. § 7203 (emphasis added).[2]  When a statute lists multiple ways in which it can be violated, the information may charge the acts conjunctively, but the government has to establish only that the defendant violated one of the proscribed acts.  United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996).  Furthermore, an information charging a defendant with willful failure to file an income tax return pursuant to § 7203 does not have to mention § 6012, as an information is sufficient when it alleges that the defendant earned enough to require her to file a return and she willfully failed to do so.  United States v. Kahl, 583 F.2d 1351, 1355 (5th Cir. 1978).[3]

_____

[1]Because Jackson raises this argument for the first time on appeal, we review for plain error.  See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

[2]Section 7203 provides in relevant part:
Any person . . . required by this title or by regulations made under authority thereof to make a return . . . who willfully fails to . . . make such return . . . at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be find not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution.
42 U.S.C. § 7203.

[3]We have adopted as binding precedent all decisions of the former Fifth Circuit decided on or before September 30, 1981.  See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th

4

Jackson's argument that Counts 1 through 3 were barred by the three-year statute of limitations in 26 U.S.C. § 6531 is also unavailing. The six-year limitations period in § 6531(4), and not the general three-year limitations period, applies to the § 7203 offense of willful failure to file a tax return. See United States v. Phillips, 843 F.2d 438, 443 (11th Cir. 1988). In any event, Jackson waived her right to assert this defense when she failed to raise it in a pretrial motion. See United States v. Ramirez, 324 F.3d 1225, 1228-29 (11th Cir. 2003); Fed. R. Crim. P. 12(b)(3)(A).

Likewise, the district court did not err in denying Jackson's motion to dismiss her information on Fifth Amendment grounds.[4] A defendant cannot defend a charge of willful failure to file a tax return by asserting that she was exercising her privilege against self-incrimination. Stubbs v. Comm'r, 797 F.2d 936, 938 (11th Cir. 1986); see also United States v. Sullivan, 274 U.S. 259, 263-64, 47 S. Ct. 607, 607-08 (1927) (stating that an individual wishing to assert a Fifth Amendment privilege with regard to filing a tax return should do so on the return).[5]

_____

Cir. 1981) (en banc).

[4]We review the denial of a motion to dismiss an information for abuse of discretion and review de novo related questions of law. United States v. Noriega, 117 F.3d 1206, 1211 (11th Cir. 1997).

[5]The district court also did not err, plainly or otherwise, by not holding an in camera hearing on Jackson's Fifth Amendment claim. See United States v. Vance, 730 F.2d 736, 737 (11th Cir. 1984) (concluding that a defendant charged with willful failure to file a tax return is

5

Furthermore, charging Jackson by information did not violate the Fifth Amendment's grand jury requirement even though the district court imposed four consecutive one-year terms of imprisonment. See Kahl, 583 F.2d at 1355 (concluding that § 7203 can be charged in an information, even if the defendant is sentenced to multiple one-year terms of imprisonment, as § 7203 is not an "infamous crime" within the meaning of the Fifth Amendment).

Jackson also argues that the information against her should have been dismissed because the IRS Form 1040 does not comply with the PRA. The PRA provides that an individual shall not be punished for failing to collect information if the agency's collection-of-information request did not have a valid OMB control number. 44 U.S.C. § 3512(a)(1), (2). Jackson does not dispute that IRS Form 1040 contains a valid OMB control number. Instead, she argues that IRS Form 1040 fails to comply with the PRA because it does not contain the information listed in § 3506(c)(1)(B). In § 3506(c)(1)(B), the PRA requires every agency to establish a process to evaluate whether proposed requests for information includes, inter alia, (1) an expiration date, (2) information on why the questions were being asked or how the answers would be used, (3) a statement indicating whether the questions were voluntary or mandatory, and (4) a statement that the individual is

_____

not entitled to an in camera hearing to address a Fifth Amendment claim).

not required to provide answers if the control number is not valid. Id. § 3506(c)(1)(B).

However, we need not address the requirements in § 3506(c)(1)(B) because the PRA did not prevent Jackson from being prosecuted for failing to file tax returns in any event. See United States v. Neff, 954 F.2d 698, 699-700 (11th Cir. 1992) ("Congress created [the taxpayer's] duty to file the Returns in 26 U.S.C. § 6012(a), and . . . . Congress did not enact the PRA's public protection provision to allow OMB to abrogate any duty imposed by Congress.") (addressing 1980 version of the PRA); see also United States v. Patridge, 507 F.3d 1092, 1094-95 (7th Cir. 2007) (addressing PRA after 1995 amendment).

Jackson contends that the PRA barred her prosecution because the government elected to pursue a theory that she violated "regulations," which she contends remain subject to the PRA, by pleading her offenses in the conjunctive in her information. As already discussed, the government had to prove only that Jackson violated § 7203, not any additional regulation, regardless of the government's use of conjunctive phrasing in the information.[6] Therefore, the district court did not err in denying Jackson's motion to dismiss her information

---

[6]The cases cited by Jackson in support of her PRA argument are distinguishable because they do not involve § 7203 convictions. Furthermore, the language Jackson relies upon in these cases is dicta.

7

based on the PRA.

Finally, Jackson seeks to challenge her confinement at Federal Correctional Institution Coleman, arguing that 18 U.S.C. § 4083 prohibits her from being housed there. The Bureau of Prisons ("BOP"), not the district court, determines where a prisoner is housed once the sentence is imposed. See 18 U.S.C. § 3621(b) (providing that the BOP designates the prisoner's place of imprisonment). Because Jackson's argument does not challenge her conviction or sentence, this claim is not properly before this Court on direct appeal of her criminal conviction.

**AFFIRMED.**