[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15770
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20233-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIELLE BARRAGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 11, 2018)

Before MARTIN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Gabrielle Barragan appeals her conviction under 18 U.S.C. § 1349 for one count of conspiring to commit bank fraud and wire fraud affecting a financial institution.  Barragan argues that the district court abused its discretion in denying her motion to dismiss the indictment for pre-indictment delay.  In particular, Barragan contends that the district court applied an incorrect legal standard that required her to show both that the government's delay caused her actual prejudice and that the government used the delay to obtain a tactical advantage.  Barragan maintains that the district court should have instead balanced the government's justification for delaying her prosecution against any prejudice that she suffered as a result.  Under this balancing analysis, Barragan contends that she should prevail. We disagree and hold that the district court properly applied the correct legal standard.

We review a district court's denial of a motion to dismiss an indictment for abuse of discretion, *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002), and review all required factual findings for clear error, *United States v. Foxman*, 87 F.3d 1220, 1222–23 (11th Cir. 1996).

"The limit on pre-indictment delay is usually set by the statute of limitations." *Id.* at 1222.  The Due Process Clause of the Fifth Amendment may bar an indictment, however, even when the indictment is brought within the limitation period.  *See U.S. v. Lovasco*, 431 U.S. 783, 788–91 (1977); *United States*

*v. Marion*, 404 U.S. 307, 323–27 (1971).  For a due process bar to apply, the defendant must show that the pre-indictment delay (1) caused actual prejudice to the conduct of her defense and (2) was the product of deliberate action by the government taken in order to gain a tactical advantage.  *Stoner v. Graddick*, 751 F.2d 1535, 1541-42 (11th Cir. 1985).[1]

With regard to the first requirement, we have been clear that "[a] stringent standard is employed when examining the issue of prejudice."  *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir. 1991) (citation omitted).  "[A]ctual prejudice and not merely 'the real possibility of prejudice inherent in any extended delay,' must be demonstrated."  *Stoner*, 751 F.2d at 1544 (quoting *United States v. McGough*, 510 F.2d 598, 604 (5th Cir. 1975)).  Thus, a "general allegation of loss of witnesses and failure of memories [is] insufficient to demonstrate the actual prejudice required . . . ."  *United States v. Radue*, 707 F.2d 493, 495 (11th Cir. 1983).

---

[1] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. Const. amend. VI.  In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-factor test to determine when a defendant's right to a speedy trial had been violated.  The four factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant.  *Id.* at 530.  But the right to a speedy trial—and the accompanying four-factor analysis—applies only *after* an individual becomes an accused by arrest or indictment.  *See Marion*, 404 U.S. at 321 ("[W]e decline to extend [the] reach of the [Sixth] amendment to the period prior to arrest."); *see also Lovasco*, 431 U.S. at 788 ("[A]s far as the Speedy Trial Clause of the Sixth Amendment is concerned, such [pre-indictment] delay is wholly irrelevant.").

With regard to the second requirement, government inaction "standing alone" cannot establish that the government's actions were motivated by an attempt to gain a tactical advantage. *United States v. Butler*, 792 F.2d 1528, 1534 (11th Cir. 1986). Nor is unintentional or negligent delay "deliberate." *Foxman*, 87 F.3d at 1223 n.2. We have also held that delays resulting from the government undertaking additional investigation in good faith, *see Stoner*, 751 F.2d at 1541, or from the government directing its resources toward other cases, *see Butler*, 792 F.2d at 1534, likewise do not demonstrate that the government delayed the indictment in order to gain a tactical advantage. *See also Lovasco*, 431 U.S. at 795.

Barragan argues that the district court should have set these precedents aside in favor of a footnote in *United States v. Brand*, 556 F.2d 1312 (5th Cir. 1977). The *Brand* Court—in what an en banc decision of the Fifth Circuit subsequently characterized as "pure dicta," *United States v. Crouch*, 84 F.3d 1497, 1509 (5th Cir. 1996)—suggested that the validity of a claim alleging a violation of the Fifth Amendment due to prosecutorial delay "depends on the due process balancing between the extent of the actual prejudice and the governmental interests at stake." *Brand*, 556 F.2d at 1317 n.7. The problem for Barragan is that this balancing analysis contradicts this Court's consistent post-*Brand* precedent, *see, e.g.*, *United States v. Hayes*, 40 F.3d 362, 365 (11th Cir.1994); *United States v. Benson*, 846

4

F.2d 1338, 1340 (11th Cir.1988); *Stoner*, 751 F.2d at 1541, as well as that of the Supreme Court in *Marion, Lovasco*, and *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988).

The district court did not err in asking whether the pre-indictment delay caused Barragan actual prejudice and was taken in order to gain a tactical advantage. Nor did it err in finding that Barragan failed to satisfy either inquiry. Barragan points to precisely the faulty memories—*e.g.*, "his memory was useless"—and lost witnesses—*e.g.*, "[t]he other four lenders . . . were all out of business"—that we have found "insufficient to demonstrate the actual prejudice required." *Radue*, 707 F.2d at 495. Similarly, Barragan contends that the government "had no satisfying reason" for its delay, but this argument mistakes the burden of proof and misstates the nature of the testimony presented at Barragan's evidentiary hearing. *See, e.g.*, Trial Tr. 167 at 21–25 (Aug. 22, 2017) (describing government investigators and prosecutors as "inundated" with mortgage fraud cases).

The district court therefore did not abuse its discretion by denying Barragan's motion to dismiss the indictment. Applying the correct legal standard, it found that Barragan had neither proven actual prejudice nor shown that the government's delay was a deliberate attempt to gain a tactical advantage. Accordingly, we affirm.

**AFFIRMED.**