[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11598

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALEXANDER RUSSAW, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:22-cr-00356-RAH-KFP-1

_____

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Alexander Russaw, a former federal prisoner, appeals his conviction for possession with the intent to distribute cocaine. He contends the government's pre-indictment delay violated his Fifth Amendment due process rights. After careful review, we affirm.

**I.**

In December 2022, a federal grand jury indicted Russaw on one count of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and one count of possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 2), both of which occurred on June 10, 2020 (June 10th case). Before this indictment, Russaw was indicted and convicted of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), for conduct that occurred on April 24, 2020 (April 24th case). On June 9, 2021, Russaw received a 37-month sentence for the April conduct, to run concurrently with any state court charges arising from the same conduct.

In the June 10th case, Russaw moved to dismiss the indictment, arguing that he was prejudiced by the delay and that the government made a tactical decision to delay his trial. As to prejudice, Russaw argued that the facts underlying the June 10th case were available to the government during the April 24th case because all of the investigative work for June 10th case was completed before he was arrested in December 2020. He also noted that he was

23-11598               Opinion of the Court                     3

sentenced in the April 24th case in June 2021, and less than two months later, the same case agent provided the government with information about the June 10th case, even though he had that information before Russaw was sentenced in the April 24th case. Russaw argued that the government did not indict him on the June 10th case for 18 months, by which time he was already in BOP custody and only had 6 months remaining on the sentence from his April 24th case. He explained that he could not earn good time, participate in BOP programs, or be released into the community, so he suffered "actual clear prejudice" when the government delayed indicting him.

In March 2023, the district court denied Russaw's motion to dismiss the indictment. Shortly after the denial, Russaw entered a written plea agreement, where he agreed to plead guilty to Count 1 in exchange for the government's dismissal of Count 2. Russaw's plea agreement contained an appeal waiver with an exception for Russaw to appeal the denial of the motion to dismiss the indictment.

At the sentencing hearing, the court asked the government to explain why it took so long to indict Russaw on the June 10th case rather than indicting him alongside the April 24th case. The government explained that it could not tell the court why the indictment in the April 24th case was not superseded to include his June 10th conduct, and that "there was no excuse for why it wasn't superseded and indicted." In response to the court's question as to why the government did not dismiss Russaw's charges in light of

the delay, the government expressed that the agency that brought the case requested that it prosecute Russaw for his June 10th conduct.

Then Russaw clarified that he could not participate in Bureau of Prison (BOP) programs if he was not in BOP custody. The court asked Russaw how much good time credit he could have earned if he had been in BOP custody, but Russaw could not say for certain, and although he had the potential to shorten his release date, he did not know how many days he would have earned. Russaw implicitly moved for a downward variance by arguing for time-served.

Ultimately, the court granted Russaw's variance and imposed a one-day sentence, to run concurrently with the April 24 case and with the Alabama state court case relating to the April 24th conduct, and three years of supervised release. Russaw timely appealed.[1]

## II.

We review the district court's denial of a motion to dismiss the indictment for pre-indictment delay in violation of the Fifth Amendment for an abuse of discretion. *United States v. Gayden*, 977 F.3d 1146, 1150 (11th Cir. 2020).

---

[1] Russaw was released from BOP custody on June 23, 2023.

## III.

Russaw argues that the district court abused its discretion when it denied his motion to dismiss because he sustained actual substantial prejudice when he was prevented from participating in BOP programs and he lost the opportunity to earn good time credits. Russaw argues that the government intentionally delayed indicting him here to gain a tactical advantage, specifically, to ensure that he served a longer sentence. Russaw also argues that our precedent relating to the burden of proof necessary to demonstrate a due process violation resulting from a pre-indictment delay is too high, and we should lessen that burden.

"The limit on pre-indictment delay is usually set by the statute of limitations. But the Due Process Clause can bar an indictment even when the indictment is brought within the limitation period." *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). To establish a violation of a defendant's Fifth Amendment rights, the defendant must satisfy a two-prong test, showing that the (1) pre-indictment delay caused him actual substantial prejudice; and (2) that "the delay was a product of deliberate design by the government to gain a tactical advantage." *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir. 1991). This standard "is an exceedingly high one." *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam). Speculative allegations are insufficient to demonstrate intentional government delay or actual prejudice. *United States v. Radue*, 707 F.2d 493, 495 (11th Cir. 1983) (per curiam).

Russaw argues that he was prejudiced because when he was being held in pretrial detention for June 10th charges, he lost his inability to participate in BOP programs, which could earn him good time credits. Our caselaw has typically required a showing that the prejudice impaired the defendant's right to a fair trial. *See, e.g., United States v. Solomon*, 686 F.2d 863, 871 (11th Cir. 1982). And Russaw does not argue that any of the prejudice related to or impaired the fairness of his trial. Further, Russaw also fails to show prejudice because his allegations are too speculative. Although we recognize that by being in pretrial detention Russaw had no opportunity to participate in BOP programs, Russaw has not shown that had he been in BOP custody that he would have been accepted into those BOP programs and successfully completed it. Nor was he able to articulate how much good-time credit he would have accrued had the pre-indictment delay not occurred.

Because Russaw's only allegations of prejudice are too speculative to establish actual prejudice from the pre-indictment delay he fails the first prong of his due process claim. Because he must satisfy both prongs, we need not address the second prong regarding whether the government intentionally sought a tactical advantage.[2] Thus, the district court did not abuse its discretion in denying Russaw's motion to dismiss.

---

[2] Because we need not address this prong, we also need not take up Russaw's invitation to revisit our caselaw setting a high burden for defendant's alleging unconstitutional pre-indictment delay. Even were we to do so, we would be bound to follow those prior precedents. *See Bonner v. City of Pritchard*, 661 F.2d

**AFFIRMED.**

---

1206, 1209 (11th Cir. 1981) (en banc); *see also Scott v. United States*, 890 F.3d 1239, 1257 (11th Cir. 2018) ("The prior-panel-precedent requires subsequent panels of the court to follow the precedent of the first panel to address the relevant issue, unless and until the first panel's holding is overruled by the Court sitting *en banc* or by the Supreme Court.").